IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JASON EIDAM | § | |
| v. | § | CIVIL ACTION NO. 6:23cv94 |
| BRYAN COLLIER, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

The Plaintiff Jason Eidam, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division currently confined in the Henderson County Jail, filed this lawsuit complaining that TDCJ officials have classified him as a sex offender when he says that he is not. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Plaintiff has filed a motion for a temporary restraining order saying that because he is classified as a sex offender, he has restrictions of no visitors under 18 years old. He also complains that a TDCJ offender information website says that he must complete a sex offender education program prior to release on parole and must register as a sex offender. He asks for an order directing the immediate removal of all visitation restrictions and sex offender classifications, including the requirement of completing sex offender education prior to release on parole, and removal of sex offender-related information from the TDCJ website.

This is the same relief sought by Plaintiff in his amended complaint. Plaintiff cannot short-circuit the normal procedures of litigation by asking the Court to determine that his claims are true in the context of a motion for a temporary restraining order. *See generally Federal Savings & Loan Insurance Corp. v. Dixon*, 835 F.2d 554, 558 (5th Cir. 1987); *Shanks v. City of Dallas, Texas*, 752

F.2d at 1096. The Supreme Court has explained that "it is generally inappropriate for a federal court at the preliminary injunction stage to give a final judgment on the merits." *University of Texas v. Camenisch*, 451 U.S. 390, 395, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981).

In addition, Plaintiff has failed to satisfy the requirements for a temporary restraining order. The prerequisites for such an order are: (1) the substantial likelihood that the moving party will prevail on the merits; (2) a substantial threat that the moving party will suffer irreparable injury if the injunction is not granted; (3) the threatened injury outweighs the threatened harm the injunction may do to the nonmovant; and (4) the granting of the preliminary injunction will not disserve the public interest. *Libertarian Party of Texas v. Fainter*, 741 F.2d 728, 729 (5th Cir. 1984); *Womens' Medical Center of Northwest Houston v. Bell*, 248 F.3d 411, 418-20 (5th Cir. 2001).

An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm. *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). In this regard, an injury is "irreparable" only if it cannot be undone through monetary remedies, and the possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm. *Enterprise International Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472-73 (5th Cir. 1985). The movant has the burden of persuasion as to all of the elements. *United States v. Jefferson County*, 720 F.2d 1511, 1519 (5th Cir. 1983).

Plaintiff has failed to show that any injury suffered cannot be compensated through monetary damages. Nor has he shown a likelihood of success on the merits. His original complaint indicates that he was convicted of attempted criminal sexual conduct in the State of Michigan, although Plaintiff states that he was removed from the Michigan sex offender registry in 2015 after a court hearing. The question of whether this information is sufficient to justify Plaintiff's designation as a sex offender in the Texas Department of Criminal Justice is a matter best resolved at trial or other dispositive proceeding rather than in a motion for a temporary restraining order; such orders have the underlying purpose of preserving the status quo until a hearing can be held, not adjudicating the

merits of claims. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 439, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974); Fed. R. Civ. P. 65(b).

## RECOMMENDATION

It is accordingly recommended that the plaintiff's motion for a temporary restraining order (docket no. 5) be denied.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

So ORDERED and SIGNED this 1st day of August, 2023.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE