IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JASON EIDAM | § | |
| v. | § | CIVIL ACTION NO. 6:23cv94 |
| BRYAN COLLIER, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Jason Eidam filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

On August 1, 2023, the Court issued a Report recommending that Plaintiff's motion for a temporary restraining order be denied. The Report was sent to Plaintiff at his last known address, the Henderson County Jail, but was returned as undeliverable. The on-line records of Henderson County show that Plaintiff was released from the Henderson County Jail on May 22, 2023. *See* https://portal-txhenderson.tylertech.cloud/PublicAccess/JailingSearch.aspx?ID=400. Plaintiff has not provided his current address nor communicated with the Court in any way since that date. The complaint form which he filed contains a declaration stating "I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit." (Docket no. 1, p. 10). The Court has no duty to locate litigants, particularly where a litigant has been advised of his responsibility to keep a current address with the Court. *Anderson v. Munger*, civil action no. 5:17cv175, 2019 WL 2929056 (E.D.Tex., July 8, 2019).

A district court may dismiss an action for failure of a litigant to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); Fed. R. Civ.

P. 41(b). Such a dismissal may be done *sua sponte* and appellate review is confined to whether the district court abused its discretion in dismissing the action. *Id.*, *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962). Plaintiff's failure to prosecute his case is demonstrated by his failure to apprise the Court of his mailing address or current whereabouts. *See also Callier v. Cain*, civil action no. 3:11cv2144, 2012 WL 2602958 (W.D.La., June 6, 2012), *Report adopted at* 2012 WL 2674595 (W.D.La., July 3, 2012) (stating that "indeed, the evidence suggests that he no longer wishes to pursue this matter since he has not contacted the court since he submitted his *in forma pauperis* application on January 25, 2012, some four months ago").

Dismissal with prejudice for failure to prosecute or to obey an order of the Court is an extreme sanction which should be employed only when "the plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the Court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988), *citing Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissals without prejudice, among other lesser measures, prior to dismissing an action with prejudice. *McNeal*, 842 F.2d at 793.

Plaintiff's failure to notify the Court of his mailing address or current whereabouts is not an action which threatens the judicial process, rendering dismissal with prejudice unwarranted. The imposition of fines and costs is not appropriate given the status and nature of this case. Plaintiff indicated that his claims were ongoing at the time the lawsuit was filed, giving him ample time to refile, should he choose to do so, within the two-year statute of limitations. Upon consideration of all relevant factors, the Court has determined that the interests of justice are best served by a dismissal of this lawsuit without prejudice.

## RECOMMENDATION

It is accordingly recommended that the above-styled civil rights lawsuit be dismissed without prejudice for failure to prosecute.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found.

An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

So ORDERED and SIGNED this 6th day of September, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE